IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM EARL HUNT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:16-cv-427-WKW-WC |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Before the court is Petitioner William Earl Hunt's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence imposed in 2009 under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Civ. Doc. 1.[1] Hunt filed this § 2255 motion challenging his designation as an armed career criminal under the ACCA based upon the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Hunt argues that, under *Johnson*, in which the Supreme Court held that the residual clause of the "violent felony" definition in the ACCA is unconstitutional, he no longer has three prior convictions that qualify as ACCA predicates. He seeks resentencing without

---

[1] References to document numbers assigned by the Clerk of Court in the instant civil action, Civil Action No. 2:16-cv-427-WKW, are designated as "Civ. Doc." while references to document numbers assigned by the Clerk of Court in the underlying criminal case, Case No. 2:07-cr-284-WKW, are designated as "Crim. Doc." Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

application of the ACCA.

## II.     BACKGROUND AND PROCEDURAL HISTORY

In September 2008, Hunt pled guilty under a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* Crim. Doc. 85. A conviction under § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three prior convictions for a violent felony, a serious drug offense, or both, is subject to an enhanced sentence of not less than fifteen years. 28 U.S.C. § 924(e)(1); *see also Descamps v. United States*, 570 U.S. 254, 258 (2013) (noting the typical statutory maximum sentence and the ACCA's heightened mandatory minimum for § 922(g) convictions).

In January 2009, when Hunt was sentenced, the ACCA defined a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). These definitions of "violent felony" fall into three respective categories: (1) the elements clause; (2) the enumerated-offenses clause; and (3) the (now void) residual clause. *See In re Sams*, 830 F.3d 1234, 1236–37 (11th Cir. 2016).

In Hunt's case, the U.S. Probation Officer stated in the presentence investigation report ("PSI") that Hunt had the requisite number of predicate convictions to subject him to an ACCA-enhanced sentence; those convictions were listed as follows:

- a 1987 conviction for the sale or delivery of a controlled substance (cocaine; two counts) in the Circuit Court of the Eleventh Judicial Circuit in Dade County, Florida (Case No. 86-29497);

- a 1988 conviction for trafficking in cocaine in the Circuit Court of the Eleventh Judicial Circuit in Dade County, Florida (Case No. 87-27947); and

- a 1999 conviction for robbery with a weapon in the Circuit Court of the Fourth Judicial Circuit in Duval County, Florida (Case No. 98-12648).

*See* Crim. Doc. 76 at 4–5, ¶ 12; *id*., ¶ 18; *id*. at 6–8, ¶¶ 23, 24 & 32.[2]

The PSI did not specify which clause of the ACCA definition of "violent felony" Hunt's Florida robbery conviction fell under. Hunt's sentencing hearing was held on January 8, 2009. *See* Crim. Doc. 86. The district court adopted the findings in the PSI, specifically adopting the findings that Hunt's offense level was 30; that his criminal history category was IV; and that his sentencing guidelines range was 180 months because the ACCA applied to him. *Id*. at 6. After hearing from the parties on the appropriate sentence, the district court sentenced Hunt under the ACCA to 180 months in prison. *Id*. at 8. The district court did not specify which clause of the ACCA definition of "violent felony" it was relying on in using Hunt's Florida robbery conviction as a predicate conviction under the ACCA or specifically state that it found Hunt's Florida drug convictions to be serious drug offenses. Hunt did not appeal his conviction and sentence.

---

[2] Under the "Chapter Four Enhancements" section of the PSI, the Probation Officer erroneously stated that Hunt "has three prior 'violent felonies' as that term is defined in 18 U.S.C. § 924(e)(2)(B)," subjecting him to sentencing as an armed career criminal. Crim. Doc. 76 at 5, ¶ 18. There is little question, though, that Hunt's ACCA enhancement was based on a determination that he had one prior conviction for a "violent felony" (his Florida robbery conviction) and two prior convictions for "serious drug offenses" (his Florida convictions for the sale and delivery of cocaine and for trafficking in cocaine).

3

In June 2015, over six years after Hunt was sentenced, the United States Supreme Court held that the ACCA's residual clause is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In *Johnson*, the Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges.  Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.  However, the Court "d[id] not call into question application of the [ACCA] to . . . the remainder of the Act's definition of a violent felony." *Id.* at 2563 (alterations added).  Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

On May 26, 2016, Hunt, proceeding *pro se* at the time, filed a § 2255 motion appearing to argue, among other things, that he is entitled to be resentenced without the ACCA enhancement because, after *Johnson*, his convictions for the sale and delivery of cocaine and for trafficking in cocaine do not qualify as "serious drug offenses" within the meaning of 18 U.S.C. § 924(e)(2)(A) of the ACCA.[3] *See* Civ. Doc. 1 at 1 & 9–14.  Hunt's *pro se* § 2255 motion also asserted numerous other claims unrelated to the holding in *Johnson*, including various allegations of ineffective assistance of counsel, entrapment,

---

[3] The ACCA defines a "serious drug offense," in pertinent part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

sentence manipulation, unlawful arrest, prosecutorial misconduct, and the unconstitutionality of 18 U.S.C. § 924(e)(2)(A). *Id*. at 4–10.

On June 22, 2016, under a Standing Order concerning defendants sentenced in this District who raise claims under *Johnson*, this court appointed the District's Federal Defender Organization to represent Hunt "for purposes of reviewing his case . . . and to take all appropriate future action as is necessary." Civ. Doc. 3. On July 7, 2016, the Federal Defender, on behalf of Hunt, filed a supplement to the § 2255 motion presenting claims that (1) Hunt's Florida robbery conviction did not include as an element the use, attempted use, or threatened use of physical force necessary to satisfy the ACCA's elements clause, 18 U.S.C. § 924(e)(2)(B)(i), and could only have been deemed a violent felony under the now-void residual clause in 18 U.S.C. § 924(e)(2)(B)(ii),[4] so that use of the conviction as a predicate offense in applying the ACCA enhancement violated *Johnson*; and (2) Hunt's Florida conviction for trafficking in cocaine was not a "serious drug offense," so that it, too, was improperly considered as a predicate offense for purposes of the ACCA enhancement. Civ. Doc. 9.

The Government filed a response on August 29, 2016, arguing that Hunt's Florida robbery conviction was categorically a "violent felony" under the ACCA's elements clause

---

[4] In *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), the Eleventh Circuit held that to obtain relief based on *Johnson*, the post-conviction movant "must show that—more likely than not—it was use of the residual clause that led to the sentencing court's [ACCA] enhancement of his sentence." 871 F.3d at 1222. "[I]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* at 1222.

5

and that Hunt was therefore entitled to no relief under *Johnson*. Civ. Doc. 16 at 8–9.  The Government also argued that Hunt's Florida drug convictions were "serious drug offenses" for purposes of the ACCA and were, therefore, properly used in enhancing his sentence. *Id*. at 9–10.  Furthermore, the Government argued that Hunt's challenge to the use of his Florida drug convictions as ACCA predicates is unrelated to the holding in *Johnson* and, therefore, should be denied as untimely under the one-year limitation period in 28 U.S.C. § 2255(f)(1), are barred from review under the waiver provision in Hunt's plea agreement, and are procedurally defaulted because they were not raised at sentencing or on appeal. *Id*. at 3–8.  Finally, the Government argued that these same bars also apply to the numerous other non-*Johnson* related claims Hunt raised by Hunt in his *pro se* § 2255 motion. *Id.*

After due consideration of the parties' submissions, the record, and the relevant case law, it is the recommendation of the Magistrate Judge that Hunt's § 2255 motion be denied and this case be dismissed with prejudice.

## III. DISCUSSION

### A. Hunt's Florida Robbery Conviction

Hunt contends that his 1999 Florida conviction for robbery with a weapon under Fla. Stat. § 812.13(2)(a) does not qualify as a violent felony under the ACCA's now-void residual clause and that, without the residual clause, the classification of his robbery conviction as a violent felony under the elements clause is also incorrect because Florida robbery does not include as an element the use, attempted use, or threatened use of physical

force, 18 U.S.C. § 924(e)(2)(B)(i).[5] Civ. Doc. 9 at 3–5.  Hunt's claim is without merit.

> Florida law defines the crime of robbery as the
>
> taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).[6]  Recently, in *Stokeling v. United States*, 139 S. Ct. 544 (2019), the United States Supreme Court held that a conviction under the Florida robbery statute qualifies categorically as a violent felony under the ACCA's elements clause. *See* 139 S. Ct. at 554–55.  The Court reasoned that, because Florida robbery requires "resistance by the victim that is overcome by the physical force of the offender," the offense contained the necessary element of "physical force" under the ACCA to qualify it as a violent felony.[7] *Id*.

Consequently, Hunt's Florida robbery conviction qualified as a predicate offense under the ACCA's elements clause, foreclosing any arguments Hunt may have made to the

---

[5] No argument is made that the robbery conviction qualifies as a violent felony under the ACCA's enumerated-offenses clause. Robbery is not listed in the ACCA's enumerated-offenses clause.

[6] Fla. Stat. § 812.13(2)(a) provides that, "[i]f in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084."

[7] The Supreme Court in *Stokeling* affirmed the Eleventh Circuit's decision on this issue. *See United States v. Stokeling*, 684 F. App'x 870, 871–72 (11th Cir. 2017). Even prior to the Supreme Court's affirmance of the Eleventh Circuit in *Stokeling*, the Eleventh Circuit had held many times— including before Hunt's 2009 sentencing—that a conviction under the Florida robbery statute categorically qualifies as a violent felony under the ACCA's elements clause. *See, e.g., United States v. Fritts*, 841 F.3d 937, 943–44 (11th Cir. 2016); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011); *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006).

contrary. Hunt's Florida robbery conviction was properly used in enhancing his sentence under the ACCA, and Hunt does not show that the sentencing court relied on the residual clause in using that conviction in applying the ACCA enhancement.

### B.  Hunt's Florida Drug Convictions

Hunt contends that his Florida convictions for (1) the sale and delivery of cocaine and (2) trafficking in cocaine do not qualify as "serious drug offenses" under the ACCA, 18 U.S.C. § 924(e)(2)(A). Civ. Doc. 1 at 1 & 9–14; Civ. Doc. 9 at 5–6. Hunt is entitled to no relief on this issue.

#### *1. Section 2255(f)(1) Time-Bar*

First, this court agrees with the Government that Hunt's challenge to the use of his Florida drug convictions for ACCA enhancement is time-barred because his claims as to these convictions do not arise under *Johnson* and are therefore subject to the limitation-period triggering date in 28 U.S.C. § 2255(f)(1), not the triggering date in § 2255(f)(3). *See* Civ. Doc. 16 at 3–4.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitations to file a § 2255 motion. 28 U.S.C. § 2255(f). The statute of limitations starts to run on the latest of four possible triggering dates: (1) the date on which the movant's conviction was final; (2) the date on which any unconstitutional or unlawful governmental impediment that prevented the movant from filing his motion is removed; (3) "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (4) the date on which facts supporting the claim could have been discovered by due diligence. 28 U.S.C. § 2255(f)(1)–

(4).

In most cases, the triggering date is when the movant's conviction is final. 28 U.S.C. § 2255(f)(1). Because Hunt took no appeal from his conviction and sentence, his conviction became final when the time to appeal expired. *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). Under former Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, as it existed at the time of Hunt's sentencing, a criminal defendant had to file a notice of appeal within 10 days after the district court judgment being appealed.[8] The district court entered its judgment in Hunt's case on January 13, 2009. As a consequence, Hunt's conviction became final on January 23, 2009, when the 10-day period for him to file an appeal from the judgment expired. Hunt had one year from that date, until January 25, 2010 (the first business day after Saturday, January 23, 2010), to file a timely § 2255 motion under 28 U.S.C. § 2255(f)(1). However, Hunt did not file his § 2255 motion until May 26, 2016. Thus, unless he can take advantage of one of the triggering dates in 28 U.S.C. § 2255(f)(2)–(4), Hunt's motion is untimely for any claim not predicated on a right recognized in *Johnson*.[9]

---

[8] Fed. R. App. P. 4(b)(1)(A) was amended in 2009, effective December 1, 2009, to increase the time for filing a notice of appeal from 10 to 14 days. *See* Fed. R. App. P. 4 advisory committee notes (2009 Amendments). The pre-amendment version of Rule 4(b)(1)(A) applied to Hunt's case.

[9] This court considers Hunt's claim regarding use of his Florida robbery conviction as an ACCA predicate as timely raised under 28 U.S.C. § 2255(f)(3) even though it was first explicitly asserted in the supplement to Hunt's § 2255 motion filed by the Federal Defender on July 7, 2016—more than one year after *Johnson* was decided. The court finds that this claim in the supplement to the § 2255 motion relates back to the inartfully pleaded *Johnson* claim in Hunt's *pro* se § 2255 motion, which Hunt filed within one year after *Johnson* was decided. *See* Fed. R. Civ. P. 15(c).

9

Hunt apparently seeks to take advantage of the triggering date in § 2255(f)(3) for all his claims. *See* Civ. Doc. 18 at 9.  He states that his claims are timely because they are based on a new substantive rule of law; i.e., *Johnson*, that was made retroactively applicable to cases on collateral review under *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Civ. Doc. 18 at 9.  However, to determine timeliness, the court "must determine whether each claim asserted in the motion depends on that new decision.  If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed." *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017).  In other words, the court takes "'a claim-by-claim approach to determine timeliness.'" *Id.* (citations omitted).

In *Johnson*, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.  "A *Johnson* claim contends that the defendant was sentenced as an armed career criminal under the residual clause." *Beeman*, 871 F.3d at 1220.  Hunt's claims that his Florida drug convictions do not qualify as "serious drug offenses" under the ACCA do not rely on *Johnson*'s holding regarding the ACCA's residual clause, because the residual clause pertains only to "violent felonies" not "serious drug offenses."  The ACCA definition of "serious drug offense" was untouched by *Johnson*.  Consequently, Hunt's claims regarding his Florida drug convictions are "untimely and must be dismissed."[10] *Beeman*, 871 F.3d at 1219; s*ee Gadson v. United*

---

[10] For these claims and Hunt's other non-*Johnson* claims (discussed below in Part C of this Recommendation), the court pretermits discussion of the Government's arguments that the claims are also barred from review under the waiver provision in Hunt's plea agreement and are procedurally defaulted because they were not raised at sentencing or on appeal. *See* Civ. Doc. 16 at 3–8.  The claims are clearly time-barred, and that is sufficient basis for their dismissal.

10

*States*, 2018 WL 6424775, at *6 (M.D. Ala. 2018) ("[A] claim challenging use of Gadson's Florida conviction for delivery of cocaine as a prior qualifying predicate conviction for purposes of the ACCA would seem to be time-barred under AEDPA's limitation period, as there is no basis for extending *Johnson*'s holding regarding violent felonies and the ACCA's residual clause to the serious-drug-offense language of the ACCA. Thus, the limitation period for raising such a claim is found in § 2255(f)(1), not § 2255(f)(3).").

### *2. Hunt's Florida Drug Convictions Qualified as "Serious Drug Offenses."*

Even if Hunt's claims regarding his Florida drug convictions are timely brought, Hunt is entitled to no relief on the claims, because his Florida convictions, which were for (1) the sale and delivery of cocaine and (2) trafficking in cocaine, were "serious drug offenses" for purposes of the ACCA and were therefore properly used to enhance his sentence. The Eleventh Circuit has held that a conviction under Florida's statute for the sale and delivery of cocaine qualifies as a "serious drug offense" under the ACCA. *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014); *United States v. Johnson,* 515 F. App'x 844, 847–48 (11th Cir. 2013); *United States v. Pitts*, 394 F. App'x 680, 683–84 (11th Cir. 2010). The Eleventh Circuit has also held that a conviction under Florida's drug trafficking statute qualifies as a "serious drug offense" under the ACCA. *United States v. James*, 430 F.3d 1150, 1153–55 (11th Cir. 2005), *overruled on other grounds by Johnson v. United States*, 135 S.Ct. 2551 (2015). *See also, e.g., United States v. Wilcoxson*, 699 F. App'x 888, 890 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 1282, 200 L. Ed. 2d 469 (2018). Consequently, Hunt's Florida drug convictions were "serious drug offenses" properly used as ACCA predicates.

Because Hunt has three prior convictions that qualify as ACCA predicates, he is not entitled to resentencing.

### C. Hunt's Remaining Claims are Time-Barred.

As previously noted, Hunt's *pro se* § 2255 motion includes numerous claims entirely unrelated to the holding in *Johnson*, including various allegations of ineffective assistance of counsel, entrapment, sentence manipulation, unlawful arrest, prosecutorial misconduct, and the unconstitutionality of 18 U.S.C. § 924(e)(2)(A). *See* Civ. Doc. 1 at 4–10.  All these claims—because they are not true *Johnson* claims—are subject to the one-year limitation period in 28 U.S.C. § 2255(f)(1).  That is, the claims must have been brought within one year after Hunt's conviction became final.  As indicated above, Hunt's conviction became final on January 23, 2009, and he had until January 25, 2010, to file a timely § 2255 motion under § 2255(f)(1).  Hunt, did not file his § 2255 motion with these claims until May 26, 2016.  Because, Hunt cannot take advantage of one of the triggering dates in 28 U.S.C. § 2255(f)(2)–(4) as to these claims, and he shows no basis for equitable tolling, these claims are "untimely and must be dismissed." *Beeman*, 871 F.3d at 1219.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and that this action DISMISSED WITH PREJUDICE.

It is further

ORDERED that **on or before August 26, 2019**, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or

general objections will not be considered. Failure to file a written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of factual and legal issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 12th day of August, 2019.

    /s/  Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE