IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM EARL HUNT,          ) | |
|                             ) | |
|     Petitioner,             ) | |
|                             ) | |
| v.                          ) | CASE NO. 2:16-CV-427-WKW |
|                             ) | [WO] |
| UNITED STATES OF AMERICA,   ) | |
|                             ) | |
|     Respondent.             ) | |

# **ORDER**

A month after the entry of final judgment, denying Petitioner relief under 28 U.S.C. § 2255, Petitioner filed a *pro se* motion for leave to supplement or amend his § 2255 motion pursuant to Rule 15 of the Federal Rules of Civil Procedure.  (Doc. # 24.)  Four months later, Petitioner filed a second *pro se* motion to supplement his § 2255 motion.  (Doc. # 25.)  The motions are due to be denied.

Rule 15(d), which addresses "Supplemental Pleadings," provides in pertinent part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15; *Owens–Illinois, Inc. v. Lake Shore Land Co., Inc.*, 610 F.2d 1185, 1188 (3d Cir. 1979) (A supplemental pleading "refers to events that occurred after the original pleading was filed.").

Petitioner argues that "[a] new retroactively applicable Supreme Court" decision—*Rehaif v. United States*, 139 S. Ct. 2191 (2019)—provides the basis for [his] request to add a new claim." (Doc. # 24, at 1; Doc. # 25 (again relying on *Rehaif* as grounds for supplementing his § 2255 motion).) The motions to supplement are due to be denied for two reasons.

First, Petitioner is incorrect in his assertion that *Rehaif* applies retroactively to his case. As held by the Eleventh Circuit, "the Supreme Court did not make *Rehaif* retroactive to cases on collateral review." *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

Second, Rule 15(d) is not an appropriate procedural vehicle for the supplementation Petitioner requests. In *United States v. Hicks*, 283 F.3d 380, 382–83 (D.C. Cir. 2002), the petitioner moved to supplement his motion for relief under § 2255 after the Supreme Court issued its decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Court of Appeals for the District of Columbia framed the issue as "whether intervening judicial decisions are the sort of 'occurrences or events' to which Rule 15(d) refers." *Hicks*, 283 F.3d at 385. The court held that they were not because "[t]he purposes to which the rule is typically put support the conclusion that

the appropriate bases for supplemental pleadings are new facts bearing on the relationship between the parties, rather than merely changes in the law governing those facts." *Id.* at 386.  Here, Petitioner seeks to supplement his § 2255 motion in a closed case based on an intervening event that rests on a change in the case law.

For the foregoing reasons, it is ORDERED that Petitioner's *pro se* motions for leave to supplement his § 2255 motion (Docs. # 24, 25) are DENIED.

DONE this 9th day of December, 2021.

                                                /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE